FILED
United States Court of Appeals
Tenth Circuit

January 28, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAXINE Y. DESANZO,

    Plaintiff - Appellant,

v.

AHS SOUTHCREST HOSPITAL, LLC,

    Defendant - Appellee.

No. 20-5033
(D.C. No. 4:18-CV-00352-JED-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

    Maxine Y. DeSanzo appeals from the district court's grant of summary judgment in favor of her former employer, AHS Southcrest Hospital, LLC (the Hospital), on her claims of discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), (d). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Ms. DeSanzo, a registered nurse, was born in 1952. She worked as a charge nurse overnight on the weekend shifts (known as the "weekend option") in the postpartum unit at Hillcrest South Hospital. The overnight weekend option paid more per shift than daytime or non-weekend shifts. Ms. DeSanzo began working for the Hospital in 2009, switching to the night shift and weekend option in 2014.

Starting in 2013, Ms. DeSanzo's supervisor was Krista Fouke. After Ms. Fouke resigned in April 2016, India Jackson became Ms. DeSanzo's supervisor. Both Ms. Fouke and Ms. Jackson reported to Jamie Heitgrass, the Director of Nursing Operations and Director of Women and Children's Services.

Ms. Fouke never formally disciplined Ms. DeSanzo, but she counseled her about completing her patients' medical charts in a timely fashion. In August 2016 Ms. Jackson spoke to Ms. DeSanzo about the same issue, telling her she could not clock out and then stay after her shift to chart; charting was to be completed in real time. Ms. Jackson followed up the conversation by issuing a written confirmation of a verbal warning, the first step in the Hospital's disciplinary process.

In early September a physician and a patient complained that Ms. DeSanzo had not appropriately medicated the patient. On September 12, Ms. Jackson and Ms. Heitgrass issued Ms. DeSanzo a written warning. A few weeks later a nurse reported that a patient did not want Ms. DeSanzo to return to her room. On October 5, Ms. Jackson and Ms. Heitgrass suspended Ms. DeSanzo without pay for three shifts and removed her from the charge-nurse position and the weekend option.

2

Soon after the October 5 discipline, Ms. DeSanzo filed an internal complaint asserting that she was being subjected to age discrimination. The next month, she filed an intake questionnaire with the Equal Employment Opportunity Commission (EEOC), alleging age discrimination and checking the box that she wished to file a charge of discrimination. The Hospital's Human Resources Director, Rachel Steward, investigated Ms. DeSanzo's internal complaint and concluded that it was unfounded. She notified Ms. DeSanzo of her conclusions by letter dated December 12, 2016.

In mid-February 2017 Ms. Jackson again spoke to Ms. DeSanzo about completing her patient charting in real time, as she worked. But she did not issue any discipline. In late March Ms. DeSanzo was the subject of a patient complaint that Ms. Jackson and Ms. Heitgrass concluded was not corroborated. They did not discipline her for that complaint, but coached her about patient perception. Also in late March, however, Ms. Jackson issued Ms. DeSanzo a written warning when she again stayed late to chart.

In early May a nurse reported to Ms. Jackson another patient complaint about Ms. DeSanzo, which Ms. Jackson and Ms. Heitgrass investigated. Citing the previous discipline for patient complaints, Ms. Heitgrass informed Ms. Steward that the next step was termination. Ms. Steward approved terminating Ms. DeSanzo's employment. When the Hospital ended Ms. DeSanzo's employment on May 19, 2017, she was 64 years old.

3

Ms. DeSanzo filed an administrative charge before filing suit in Oklahoma state court for age discrimination and retaliation in violation of federal law and intentional infliction of emotional distress in violation of state law. The Hospital removed the action to federal court and moved for summary judgment, which the district court granted. Ms. DeSanzo now appeals from the judgment in favor of the Hospital on her discrimination and retaliation claims.

## DISCUSSION

"We review a grant of summary judgment de novo, drawing all reasonable inferences and resolving all factual disputes in favor of the non-moving party." *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 968 (10th Cir. 2017) (internal quotation marks omitted). "Summary judgment shall be granted if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

The ADEA makes it unlawful for employers "to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age," 29 U.S.C. § 623(a)(1), and to discriminate against an employee because she "has opposed any practice made unlawful by this section, or because [she] has made a charge . . . under this chapter," *id.* § 623(d). In considering both the discrimination and retaliation claims, the district court applied the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

4

Ms. DeSanzo first challenges the judgment on her discrimination claim. The district court determined that she established a prima facie case of age discrimination and that the Hospital identified a legitimate, nondiscriminatory reason for terminating her employment (poor performance evidenced by successive patient complaints). It then held that Ms. DeSanzo failed to establish pretext.

"An employee may show pretext based on weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's claimed legitimate, non-discriminatory reason such that a rational trier of fact could find the reason unworthy of belief." *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007) (internal quotation marks omitted). She "may also show pretext by demonstrating the defendant acted contrary to a written company policy, an unwritten company policy, or a company practice when making the adverse employment decision." *DePaula*, 859 F.3d at 970 (internal quotation marks omitted). But "[w]hen reviewing for pretext, we are mindful we must not sit as a superpersonnel department that second-guesses the company's business decisions, with the benefit of twenty-twenty hindsight." *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1059 (10th Cir. 2020) (original brackets and internal quotation marks omitted).

Ms. DeSanzo argues that she adequately showed pretext through a combination of factors. First, she argues that the September 2016, October 2016, and May 2017 disciplinary actions were unwarranted. Second, she asserts that a potentially ageist remark reportedly made by Ms. Heitgrass shows that she was biased against older persons. And finally, she asserts that Ms. Heitgrass and

5

Ms. Jackson disciplined her more strictly than they did younger nurses. The district court thoroughly discussed each of these points. Seeing no reversible error in the district court's discussion, we affirm the judgment in favor of the Hospital on the discrimination claim for substantially the reasons set forth by that court.

Ms. DeSanzo next challenges the district's judgment on her retaliation claim. The court held that Ms. DeSanzo failed to establish a prima facie case of retaliation because she failed to present sufficient evidence to support a causal connection between her complaints of age discrimination and the termination of her employment.

For a prima facie case, Ms. DeSanzo must "show that (1) . . . she engaged in protected opposition to discrimination, (2) a reasonable employee would have considered the challenged employment action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008). "[A] causal connection is established where the plaintiff presents evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1279 (10th Cir. 2005) (internal quotation marks omitted), *abrogated on other grounds by Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166 (10th Cir. 2018).

In addition to relying on the evidence she submitted with regard to the pretext inquiry, Ms. DeSanzo argues that the district court erred in finding insufficient evidence of causation because (1) she was disciplined more harshly by having her employment terminated immediately after a suspension, while a younger nurse was

6

allowed two sequential suspensions, and (2) Ms. Steward rejected Ms. DeSanzo's nomination as a "healthcare hero" for December 2016, weeks after she filed her internal complaint and her EEOC intake questionnaire. As set forth above, we agree with the district court's evaluation of the evidence produced with regard to pretext. We further agree with the district court's assessment that the younger nurse was not an appropriate comparator, and with its reasons for concluding the "healthcare hero" evidence was insufficient to establish causation. Accordingly, we also affirm the judgment in favor of the Hospital on the retaliation claim for substantially the reasons set forth by the district court.

## CONCLUSION

Ms. DeSanzo's unopposed motion to seal Volume IV of the Appellant's Appendix is granted. The district court's judgment is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge

7